1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAM MATRANGA,

11              Plaintiff,                    No. CIV S-11-1604 MCE DAD PS

12        v.
                                             FINDINGS AND RECOMMENDATIONS
13   INTERNAL REVENUE SERVICE,

14              Defendant.

15   _____/

16          This matter came before the court on November 18, 2011, for hearing of

17   defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for

18   failure to state a claim upon which relief may be granted.[1]  Attorney Aaron Bailey appeared

19   telephonically on behalf of the defendant.  Plaintiff, Sam Matranga, proceeding pro se and in

20   forma pauperis, appeared on his own behalf.  Oral argument was heard, and defendant's motion

21   was thereafter taken under submission.

22   /////

23   /////

24   _____

25        [1]  Though plaintiff has named the Internal Revenue Service as the defendant in this
     action, the United States is the proper defendant in an action seeking the recovery of a civil tax
     refund.  See, e.g., Grossman v. C.I.R., 687 F. Supp. 1401, 1402 (N.D. Cal. 1987) (citing 26
26   U.S.C. § 7422(f)(1)), aff'd, 852 F.2d 1289 (9th Cir. 1998).

1

BACKGROUND

Plaintiff commenced this action on June 14, 2011, by filing his complaint. (Compl. (Doc. No. 1)).  Therein, plaintiff alleges that the defendant is improperly withholding from him a tax refund in the amount of $11,704 "on non taxable disability income."  (Id. at 1.[2])

On September 29, 2011, defendant filed the motion to dismiss now pending before the court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this court lacks jurisdiction over the subject matter of this suit and that plaintiff has failed to state a cognizable claim upon which relief can be granted.  (MTD (Doc. No. 8-1) at 3.) Specifically, defendant argues that plaintiff has failed to allege that the defendant has waived its sovereign immunity.  (Id. at 3-4.)  Moreover, counsel for defendant argues that plaintiff's complaint is so sparse with respect to its factual allegations as to fail to state a claim upon which relief can be granted.  (Id. at 4-6.)

On November 3, 2011, plaintiff filed an opposition stating that he opposes defendant's motion and claiming to have evidence in support of his refund claim, but failing to address the specific arguments raised by defendant's motion.  (Pl.'s Opp'n. (Doc. No. 13) at 1.) At the November 18, 2011 hearing before the undersigned, plaintiff claimed to have a letter from the Internal Revenue Service that was relevant to the resolution of defendant's motion.  Plaintiff was ordered to serve a copy of the letter on counsel for defendant and to file the letter with the court forthwith.  Plaintiff filed a copy of the letter the same day.  (Doc. No. 15.)  On December 1, 2011, defendant filed a supplemental brief addressing the letter filed by plaintiff.  (Doc. No. 16.)

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

In moving to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the challenging party may either make a facial attack on the

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  allegations of jurisdiction contained in the complaint or can instead take issue with subject matter

2  jurisdiction on a factual basis.  Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp., 594 F.2d 730,

3  733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir.

4  1977).  If the motion constitutes a facial attack, the court must consider the factual allegations of

5  the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen,

6  549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive

7  truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will

8  not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

9  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).  The court may properly

10  consider extrinsic evidence in making that determination.  Velasco v. Gov't of Indon., 370 F.3d

11  392, 398 (4th Cir. 2004).[3]

12  II.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

13         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

14  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

15  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

16  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

17  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

18  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A

19  defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

20  plaintiff's claims, even if the plaintiff's allegations are true.

21         In determining whether a complaint states a claim on which relief may be granted,

22  the general rule is that the court accepts as true the allegations in the complaint and construes the

23  allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69,

24  73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need

25  _____

26         [3] Here defendant has mounted a facial attack on plaintiff's complaint.

1   not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining

2   Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material

3   which is properly submitted as part of the complaint, documents not physically attached to the

4   complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on

5   them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.

6   2001).  Finally, pro se complaints may be held to less stringent standards than formal pleadings

7   drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

8                                                    ANALYSIS

9            Jurisdiction is a threshold inquiry that must precede the adjudication of any case

10  before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,

11  858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may

12  adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511

13  U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[4]  "Federal courts are

14  presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"

15  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.

16  Dist., 475 U.S. 534, 546 (1986)).

17          Lack of subject matter jurisdiction may be raised by the court at any time during

18  the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

19  Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

20  has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

21  is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

22  v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

23  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

24  _____

25          [4]  Congress has conferred jurisdiction upon the federal district courts as limited by the
    United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.
26  Richards, 504 U.S. 689, 697-99 (1992).

                                                          4

1    The burden of establishing jurisdiction rests upon plaintiff as the party asserting

2    jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

3    (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

4    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

5    within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

6    (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

7    insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

8    jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

9    "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

10   jurisdiction . . . and may be dismissed sua sponte before service of process.").

11   Here, plaintiff's entire complaint consists of one paragraph.  That allegations

12   found in that paragraph fail to address any basis for this court's jurisdiction.  However, the Civil

13   Cover Sheet filed with the complaint indicates that the claimed basis of subject matter

14   jurisdiction for this action is the presence of the U.S. Government as a party.[5]  (Doc. No. 1-1 at

15   1.)  The undersigned notes that plaintiff has sued a federal agency of the United States.

16   However, "[t]he basic rule of federal sovereign immunity is that the United States

17   cannot be sued at all without the consent of Congress."  Block v. North Dakota ex rel. Bd. of

18   Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).  Similarly, no federal agency can be sued unless

19   Congress has explicitly revoked that agency's immunity.  Gerritsen v. Consulado General de

20   Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d

21   561, 562 (9th Cir. 1979).  Put another way, no court has jurisdiction to award relief against the

22   United States or a federal agency unless the requested relief is expressly and unequivocally

23   authorized by federal statute.  United States v. King, 395 U.S. 1, 4 (1969) (citing United States v.

24   Sherwood, 312 U.S. 584, 586-87 (1941)).

25

26   [5]  Plaintiff's Civil Cover Sheet erroneously indicates that the U.S. Government is the plaintiff, as opposed to the defendant, in this action.

1    "The question whether the United States has waived its sovereign immunity

2  against suits for damages is, in the first instance, a question of subject matter jurisdiction."

3  McCarthy, 850 F.2d at 560.  Absent a waiver of sovereign immunity, a claim against the United

4  States or a federal agency must be dismissed for lack of subject matter jurisdiction.  See

5  Gerritsen, 989 F.2d at 343; Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If

6  conditions are attached to legislation that waives the sovereign immunity of the United States, the

7  conditions must be strictly observed by the courts, and exceptions are not to be readily implied.

8  Block, 461 U.S. at 287.  See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995)

9  ("The terms of the United States' consent to be sued in any court define that court's jurisdiction

10  to entertain the suit.").

11    Accordingly, in order to bring an action against the United States, there must be:

12  (1) statutory authority vesting a district court with subject matter jurisdiction; and (2) a waiver of

13  sovereign immunity.  United States v. Park Place Associates, Ltd., 563 F.3d 907, 923-24 (9th Cir.

14  2009); see also Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007).

15  Even where a statute creates subject matter jurisdiction over a case, that statute may not

16  necessarily waive sovereign immunity.  Park Place Associates, 563 F.3d at 924 (citing Arford v.

17  United States, 934 F.2d 229, 231 (9th Cir. 1991) (holding that 28 U.S.C. § 1340 created subject

18  matter jurisdiction, but "[did] not constitute a waiver of sovereign immunity."))  Waivers of

19  sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly

20  construed in favor of the sovereign.  Dunn & Black P.S.v. United States, 492 F.3d 1084, 1088

21  (9th Cir. 2007).  The burden is on the party bringing the action against the United States to

22  establish both elements of subject matter jurisdiction; where it has failed to do so, "dismissal of

23  the action is required."  Id.

24    Here, as noted above, plaintiff's complaint is one paragraph and reads in its

25  entirety as follows:

26  /////

6

> I, Sam Matranga, wish to file a complaint to the United States District Court. This complaint is to appeal a decision made by the Internal Revenue Service regarding an amount paid to the IRS of $11,704 on non taxable disability income. An amended return was filed as soon as the County of Sacramento SCERS informed Service Connected retroactive Disability Retirement recipients. The IRS issued a letter to taxpayer, myself Sam Matranga, accepting the amended return as filed and promising a refund to be paid within three to four weeks of May 26, 2010. The refund was never sent. After numerous attempts to collect the monies from IRS I was informed that my claim for refund was now denied.
>
> I am filing this claim within the two year period.

(Compl. (Doc. No. 1) at 1.)

Thus, the allegations of plaintiff's complaint do not address, let alone establish, either element of subject matter jurisdiction. The undersigned notes that plaintiff's November 3, 2011 opposition to defendant's motion to dismiss also fails to address the issue of subject matter jurisdiction. Accordingly, defendant's motion to dismiss could be granted for this reason alone.

Moreover, even viewing the allegations found in the complaint in the light most favorable to plaintiff as a claim for a tax refund, it appears this court would still lack subject matter jurisdiction over the action. In this regard, although 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States with respect to suits seeking recovery of a tax refund, Imperial Plan, Inc. v. United States, 35 F.3d 25, 26 (9th Cir. 1996), that waiver is subject to certain conditions. One such condition is set forth in 26 U.S.C. § 7422(a), which states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard and the regulations of the Secretary or his delegate established in pursuance thereof.

26 U.S.C. § 7422(a). See also United States v. Clintwood Elkhorn Mineral Co., 553 U.S. 1, 4 (2008) (citing 26 U.S.C. § 7422(a) and stating that "a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought"). Moreover, under 26 U.S.C. § 6511(a), an action for a refund must be "must be filed within three years of the filing of a return

7

1   or two years of payment of the tax, whichever is later." <u>Clintwood Elkhorn Mining Co.</u>, 553

2   U.S. at 4.

3          In short, a taxpayer seeking a tax refund must submit a claim for a refund before

4   filing a lawsuit.  Such a claim must be filed within three years after the return was filed or two

5   years after the tax was paid.  <u>See</u> <u>United States v. Dalm</u>, 494 U.S. 596, 602 (1990) ("Read

6   together, the import of these sections is clear: unless a claim for refund of a tax has been filed

7   within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any

8   court.").

9          Here, plaintiff's complaint does not address when the tax return at issue was filed

10  or when the tax at issue was paid.  In moving to dismiss, however, defendant contends that

11  plaintiff is seeking a refund with respect to his 2004 tax liability.  That contention is consistent

12  with the November 18, 2011 letter plaintiff has filed with the court, which concerns plaintiff's

13  2004 tax liability.[6]  (Doc. No. 15 at 1.)  However, according to defendant's records, plaintiff filed

14  his original return for the 2004 tax year on June 1, 2005, made his last payment on his 2004 tax

15  liability on October 16, 2006, and filed his amended 2004 federal income tax return (claiming a

16  refund) on April 10, 2009.  (Gradillas Decl. (Doc. No. 8-2) at 2.)  In this regard, plaintiff's April

17  10, 2009 amended 2004 federal income tax return, which asserted a claim for a refund, was

18  neither filed within three years of the filing of his 2004 tax return nor within two years after the

19  /////

20  /////

21  /////

22

23          [6] When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to
    Federal Rule of Civil Procedure 12(b)(1), the district court is not restricted to the face of the
    pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual

24  disputes concerning the existence of jurisdiction."  <u>McCarthy v. United States</u>, 850 F.2d 558, 560
    (9th Cir. 1988) (collecting cases), cert. denied, 489 U.S. 1052, (1989); <u>see</u> <u>also</u> <u>Warren v. Fox</u>

25  <u>Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under
    Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic

26  evidence.").

8

1    last payment on that tax liability was made.[7]

2          Accordingly, for the reasons stated above, defendant's motion to dismiss

3    plaintiff's complaint pursuant to Rule 12(b)(1) should be granted.[8]

4                            LEAVE TO AMEND

5          The court has carefully considered whether plaintiff may amend his complaint to

6    establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal

7    claim upon which relief could be granted.  "Valid reasons for denying leave to amend include

8    undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

9    Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm.

10    Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while

11    leave to amend shall be freely given, the court does not have to allow futile amendments).  In

12    light of the nature of the allegations and the deficiency noted above, the undersigned finds that it

13    would be futile to grant plaintiff leave to amend.  Accordingly, the undersigned will recommend

14    that this action be dismissed with prejudice.

---

[7] The court notes that the letter filed by plaintiff with the court on November 18, 2011, is a letter dated May 18, 2011, from an Appeals Officer with the Internal Revenue Service.  That letter states that with respect to plaintiff's 2004 tax liability, "there is no basis to allow any part" of plaintiff's claim "for abatement and/or refund of taxes," but that plaintiff "may pursue this matter further by filing suit in . . . the United States District Court . . ."  (Doc. No. 15 at 1.) While it is understandable that this statement could lead plaintiff to conclude that he could proceed with this action without facing any jurisdictional hurdles, the statement by the Appeals Officer does not constitute a waiver of the sovereign immunity of the United States.  See United States v. Dalm, 494 U.S. 596, 610 (1990) ("If any principle is central to our understanding of sovereign immunity, it is that the power to consent to such suits is reserved to Congress."); United States v. Michel, 282 U.S. 656, 659 (1931) ("But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued."); Dunn & Black P.S.v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007) (the party asserting a waiver of sovereign immunity bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress . . ."); Committee for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp.2d 1177, 1192 (N.D. Cal. 2009) ("It is well-established that the United States is entitled to sovereign immunity from any claim for damages unless immunity has been explicitly waived by Congress.").

[8] In light of this recommendation the court need not address defendant's other argument in support of dismissal of plaintiff's complaint.

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendant's September 29, 2011 motion to dismiss (Doc. No. 8) be granted pursuant to Federal Rule of Civil Procedure 12(b)(1); and

2. This action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\matranga1604.dism.f&rs

10